UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

—————————

| | | |
|---|---|---|
| DEBORAH LANG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:15-cv-1080 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

This was a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB). On March 17, 2016, this Court entered a judgment vacating the Commissioner's decision and remanding this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (ECF No. 11). The matter is now before the Court on plaintiff's motions for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF No. 12, 15) [1]. For the reasons set forth herein, I recommend

---

[1] Although the most recent filing (ECF No. 15) is labeled as a "Joint Stipulation for an Award of Attorney's Fees Under the Equal Access to Justice Act," it is in essence a second motion for attorney's fees in this closed case, and it is treated as such. As shown in greater detail herein, the recommendation that portions of plaintiffs' motions under the EAJA be denied is not based on the amount sought by plaintiff, but rather the attempts to expand the Court's role in this closed case beyond a straightforward entry of judgment in plaintiff's favor against defendant as authorized by the statute.

that plaintiff's motions be granted in part and denied in part, and that a judgment be entered in plaintiff's favor in the amount of $3,430.00.

## Discussion

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010). The Sixth Circuit has identified three conditions that must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See DeLong v. Commissioner*, 748 F.3d 723, 725 (6th Cir. 2014); *Marshall v. Commissioner*, 444 F.3d 837, 840 (6th Cir. 2006). Plaintiff is a prevailing party under this Court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Plaintiff is a financially eligible person under the EAJA. Defendant offers no special circumstances which might warrant denial of fees and has made no attempt to satisfy the burden of demonstrating that the government's position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Peck*

*v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006).   Plaintiff is entitled to an award of attorney's fees and other costs[2] under the EAJA.

### 1.      Hours Claimed

"Once a court makes a threshold determination that a party is eligible for EAJA fees, it looks to the lodestar amount as a starting point for calculating a reasonable fee award."   *Minor v. Commissioner*, No. 15-1054, __ F.3d __, 2016 WL 3408833, at * 1 (6th Cir. June 21, 2016).   The Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications.   *See Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).

The EAJA requires "an itemized statement from [the] attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed."   28 U.S.C. § 2412(d)(1)(B). Plaintiff seeks compensation for 12.8 hours in attorney time and 7.9 hours of non-attorney law clerk time.   (ECF No. 12, PageID.464).   I find that this is reasonable for the work performed in this case.   (*see* ECF No. 12-2, PageID.469-70).

### 2.      Hourly Rate

The EAJA generally caps the hourly rate for attorney's fees at $125 per hour.   28 U.S.C. § 2412(d)(2)(A).   "[T]he statutory rate is a ceiling and not a floor."   *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986).

---

2 *See* 28 U.S.C. § 2412(a)(1).

Plaintiff seeks to recover at an hourly rate of $175.00 for the attorney time and $100.00 for law clerk time.   (ECF No.12-1, Page.ID.468; ECF No. 12-2, PageID.470). The requested rate is well above the statutory cap. The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).   The Supreme Court has determined that the statutory $125 per hour cap applies "in the mine run of cases."   *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).   Judge Quist has endorsed a rate of up to $175.00 per hour as a reasonable rate based on the State Bar's Economics of Law Practice in Michigan survey.   *Miller v. Commissioner*, No. 1:12-cv-809, 2013 WL 3283694, at * 2 (W.D. Mich. June 28, 2013).   Accordingly, the higher rate of $175.00 is used herein. Multiplying the 12.8 attorney hours expended and the $175.00 per hour rate results in a $2,240.00 total.

Judges in this district have found $100.00 per hour to be a reasonable rate for law clerk time.   *See, e.g.*, *Nichols v. Commissioner*, No. 1:09-cv-1091, 2012 WL 1189764, at * 2 (W.D. Mich. Mar. 19, 2012). Multiplying the 7.9 law clerk hours by the $100.00 hourly rate results in a $790.00 total.   The lodestar grand total is $3,030. I find that plaintiff is entitled to recover this amount in fees under the EAJA.

-4-

### 3.    Filing Fee

Plaintiff paid the $400.00 filing fee.   She asks for reimbursement of the fee, "to be paid from the Department of Treasury's Judgment Fund." (ECF No.15, PageID.499).   The parties do not dispute that plaintiff can recover her district court filing fee under the EAJA.   "It appears that the filing fee is generally considered a 'cost' under 28 U.S.C. § 2412(a)(1), rather than as an 'expense' under 28 U.S.C. § 2412(d)(1)(A)."   *Miller v. Commissioner*, 2013 WL 3283694, at * 2 (collecting cases). "This distinction is largely a matter of internal government accounting because costs and expenses under the EAJA are paid out of separate funds. Costs are paid by the Secretary of Treasury after certification by the Attorney General.   Expenses are paid from agency funds.   The [C]ourt should decline to issue any direction regarding the "fund" from which the defendant must satisfy this, or any other portion, of the judgment.   It is appropriate to note that the Secretary of Treasury was never a party to this lawsuit, and no foundation has been established to order the Secretary to do anything with the funds under his control.   The Commissioner was the defendant, but the manner in which she elects to satisfy the court's judgment is up to her."   *Id.* (internal citation, footnote, and quotation omitted).

### 4.    Judgment

Plaintiff asks that the EAJA award be made payable to plaintiff's attorney. The EAJA provides in pertinent part that the court shall award fees "to a prevailing party."   28 U.S.C. § 2412(d)(1)(A).   Thus, any judgment entered for EAJA attorney's

fees must be entered in plaintiff's favor.   *See Astrue v. Ratliff*, 560 U.S. at 591-93. Any agreements entered into between plaintiff and counsel are not part of this closed case and cannot be injected into it at this juncture.   There is a significant potential for conflict among plaintiff, her creditors, and her attorney with regard to the EAJA fees.   "The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract."   *Astrue v. Ratliff*, 560 U.S. at 599 (Sotomayor, J. concurring).   Plaintiff's contractual obligations to her attorney are not part of this case.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Court enter an order granting plaintiff's motions in part and denying them in part, and that the Court enter a judgment in plaintiff's favor against defendant in the amount of $3,430.00.

Dated:    August 8, 2016                     /s/ Phillip J. Green
                                                      United States Magistrate Judge

-6-

## <u>NOTICE TO PARTIES</u>

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.   28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).   All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).   Failure to file timely and specific objections may constitute a waiver of any further right of appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).   General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).